UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

TRACY LARENZO GOODWIN, )
)
    *Plaintiff*, )
v. ) No. 1:11-CV-104
) *Mattice/Carter*
JUVENILE COURT MAGISTRATE )
EMMA ANDREWS, )
)
    *Defendant*. )

## MEMORANDUM AND ORDER

Tracy Larenzo Goodwin ("Goodwin") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 2). Goodwin complains, *inter alia,* that "Juvenile Court Magistrate Emma Andrews have [sic] use[d] her authority to physically and financially punish me for not paying child support while being incarcerated." Goodwin requests the Court to exempt him from paying child support while he is incarcerated and to exempt him from future child support payments if he is incarcerated in the future.

**I.**     **Application to Proceed** *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Goodwin that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 (Court File No. 1). Goodwin, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Goodwin is an inmate in custody at CCA-Silverdale in Chattanooga, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Goodwin shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Goodwin's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Goodwin's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Goodwin's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Goodwin's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at CCA-Silverdale in Chattanooga, Tennessee, and the Commissioner of the Tennessee Department of Corrections, and the Attorney General for the State of Tennessee to ensure the custodian of Goodwin's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Goodwin **SHALL** collect the filing fee as funds become available. This order shall become a part of Goodwin's file and follow him if he is transferred to another institution. The agency having custody of Goodwin shall continue to collect monthly payments from Goodwin's prisoner account until the entire filing fee of $350.00 is paid.

Goodwin is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order.

Failure of Goodwin to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

ENTER:

*s/William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE