UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TRACY L. GOODWIN, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 1:11-CV-104 |
| | ) *Mattice/Carter* |
| JUVENILE COURT MAGISTRATE | ) |
| EMMA ANDREWS, | ) |
| *Defendant*. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this court following plaintiff's Application To Proceed In Forma Pauperis (Doc. 1). The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

28 U.S.C. § 1915 governs proceedings *in form pauperis*. Plaintiff applied to proceed *in forma pauperis* and, pursuant to Section 1915(b), has been permitted to file this action without prepayment of fees though he will be required to pay fees as funds exist. Section 1915(e)(2) requires the court to conduct a review of the case and "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted...." 29 U.S.C. § 1915(e)(2)(B)(ii).

Tracy L. Goodwin ("Goodwin") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 2). Goodwin, who is currently incarcerated at CCA-Silverdale, complains that "Juvenile Court Magistrate Emma Andrews has used her authority to physically and financially punish me for not paying child support while being incarcerated." Goodwin requests the Court to exempt him from paying child support while he is incarcerated and to exempt him

from future child support payments if he is incarcerated in the future.

Section 1983 is a remedial statute which does not itself create independent substantive legal rights. Section 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To make out a claim under § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006); *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1994).

The plaintiff has not identified any right, privilege, or immunity secured to him by the United States Constitution or other federal law of which Emma Andrews is depriving him. Consequently, it is RECOMMENDED[1] that plaintiff's action be dismissed for failure to state a claim on which relief can be granted.

                                                                                          s/William B. Mitchell Carter
                                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).